# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARMIA LATEAC WHITE,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL,<br>Commissioner of Social Security,<br><br>Defendant. | Case No. CV 20-0800-JEM<br><br>MEMORANDUM OPINION AND ORDER |

## **PROCEEDINGS**

On January 27, 2020, Charmia Lateac White ("Plaintiff") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Defendant") denying Plaintiff's applications for Social Security Disability Insurance benefits and Supplemental Security Income benefits.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge.

On January 29, 2020, the Court issued a Case Management Order ("CMO") setting various deadlines, including those regarding the preparation and filing of a Joint Submission ("JS").

On May 11, 2020, Defendant filed an Answer and the Certified Administrative Record.

On August 6, 2020, Plaintiff filed her first request to extend the briefing schedule set forth in the CMO, which the Court granted on August 10, 2020. Plaintiff's deadline to submit her portions of the JS was extended to August 25, 2020.

On September 14, 2020, Plaintiff filed her second request to extend the briefing schedule set forth in the CMO, which the Court granted that same day. Plaintiff's deadline to submit her portions of the JS was extended to October 25, 2020.

On November 13, 2020, Defendant filed a Notice of Non-Receipt of Plaintiff's Initial Portions of Joint Submission and Declaration stating that Plaintiff had not forwarded her portions of the JS to Defendant as required by the CMO and, therefore, the JS could not be filed.

On November 17, 2020, the Court issued an Order to Show Cause ("OSC") why this case should not be dismissed for failure to prosecute. Plaintiff was ordered to respond to the OSC no later than December 1, 2020. She was warned that failure to submit her portions of the JS to Defendant or respond to the OSC could result in a recommendation that this action be dismissed.

To date, Plaintiff has failed to respond to the OSC.

## DISCUSSION

The Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and failure to comply with a court order. See Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); see also Pagtalunan v. Galaza, 291 F.3d 639, 640 (9th Cir. 2002). A dismissal under Rule 41(b) - other than for lack of jurisdiction, improper venue, or failure to join a party - operates as an adjudication on the merits.

Because dismissal is a harsh penalty, the Court must weigh the following factors when determining whether to dismiss an action for failure to comply with a court order or failure to prosecute: (1) the public's interest in the expeditious resolution of litigation; (2) the

Court's need to manage its docket; (3) the risk of prejudice to the defendant/respondent; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions.  Pagtalunan, 291 F.3d at 642; Al-Torki v. Kaempen, 78 F.3d 1381, 1384-85 (9th Cir. 1996); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).  Having weighed these factors, the Court finds that dismissal of the action without prejudice is warranted.

In the instant action, the first two factors – public interest in expeditious resolution of litigation and the court's need to manage its docket – weigh in favor of dismissal.  Plaintiff has failed to submit her portions of the JS to Defendant or respond to the OSC, despite having been ordered to do so repeatedly and having been allowed ample time.  Plaintiff's non-compliance hinders the Court's ability to move this case toward disposition and indicates that Plaintiff does not intend to litigate this action diligently.  Her failure to respond to the OSC or submit her portions of the JS to Defendant has interfered with the public's interest in the expeditious resolution of this litigation and the Court's need to manage its docket.

The third factor – prejudice to defendants – also weighs in favor of dismissal.  A rebuttable presumption of prejudice to a defendant arises when a plaintiff unreasonably delays prosecution of an action.  See Eisen, 31 F.3d at 1452-53.  Nothing suggests such a presumption is unwarranted in this case.  Moreover, Defendant has been required to expend substantial resources to defend this action, including filing an Answer to the Complaint, gathering and submitting the Certified Administrative Record, and filing the notice of non-receipt.  Thus, the Court finds that Defendant has been prejudiced by Plaintiff's failure to litigate this case diligently.

The fourth factor – public policy in favor of deciding cases on the merits – ordinarily weighs against dismissal.  However, it is a plaintiff's responsibility to move the case toward disposition at a reasonable pace and avoid dilatory and evasive tactics.  See Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991).  Plaintiff has not discharged this responsibility despite having been (1) instructed on her responsibilities, (2) granted

sufficient time in which to discharge them, and (3) warned of the consequences of failure to do so. Under these circumstances, the policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to obey a court order and submit her portions of the JS to Defendant or respond to the OSC within the time granted.

The fifth factor – availability of less drastic sanctions – also weighs in favor of dismissal. The Court cannot move the case toward disposition without Plaintiff's compliance with court orders or participation in this litigation. Plaintiff has shown she is either unwilling or unable to comply with court orders, rules of civil procedure, and local rules by failing to submit her portions of the JS to Defendant or respond to the OSC.

Finally, while dismissal should not be entered unless a plaintiff has been notified that dismissal is imminent, see West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990), Plaintiff has been warned that her failure to submit her portions of the JS to Defendant or respond to the OSC could result in dismissal of this action. Accordingly, dismissal of this action without prejudice is warranted.

## ORDER

**IT IS ORDERED** that Judgment shall be entered dismissing this action without prejudice.

DATED: December 7, 2020

            */s/ John E. McDermott*
            JOHN E. MCDERMOTT
            UNITED STATES MAGISTRATE JUDGE